[NOT FOR PUBLICATION] 

 United States Court of Appeals
 For the First Circuit
 

No. 96-1261

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 QUINCY D. JOHNSON,
 A/K/A QUINCY D. HAMEL,

 Defendant, Appellant.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge] 
 

 Before

 Cyr, Circuit Judge, 
 Coffin, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

 Theodore L. Craft, by Appointment of the Court, and Quincy 
D. Johnson, on brief pro se. 
 Helen Kazanjian, Assistant U.S. Attorney, and Jay P. 
McCloskey, United States Attorney, on brief for appellee. 

 

 March 18, 1997
 

 Per Curiam. In this appeal from a conviction for conspiring 

to possess with intent to distribute cocaine base and possession

with intent to distribute, we have both a brief from counsel on

appeal and a pro se brief from appellant. We have carefully

considered them, as well as the record, and deem this a case

where, regardless of the strength of defendant's arguments below,

there remain no issues worthy of extensive consideration on

appeal. We accordingly, without rehearsing the facts, which are

well known to the parties, proceed briefly to deal with the

arguments of appellant and his counsel.

 The first challenge is to the sufficiency of the evidence.

The government, inexplicably, asserts in its brief (p. 18) that,

after the government finally rested, the defense did not renew

its motion for judgment of acquittal. And appellant himself (p.

13) has made the same assertion. But our reading of the record

indicates that, after the government rested, the court said:

 I will treat the defendant as having renewed his
 motion at the close of the entire case, and the same
 ruling applies, that the motion for acquittal on each
 of Counts One and Two are denied. There is sufficient
 evidence to go to the jury.

(Transcript p. 449). It also appears that after this statement

there was no new evidence submitted. The only evidentiary

discussion concerned the mechanics of redacting a record, which

was to be done while the jury was being instructed.

 Therefore, we review for error, not "plain error." But we

find no error.

 -2-

 Pullum, the major prosecution witness, was fair game for

impeachment at trial, but the jury having found his testimony

credible, it satisfies the sufficiency requirement under both

counts. Moreover, Pullum's testimony was corroborated by two

other witnesses, and the finding of a substantial amount of

cocaine base and paraphernalia used in drug packaging in places

and equipment associated with appellant.

 A generalized challenge was made to interruptions made by

the prosecution to defendant's closing argument. But no specific

interruptions have been identified by appellant. Nor were any

objections made. And from the government's references to the

interruptions in its brief, we see no possible prejudice, let

alone plain error.

 Another issue, again to be judged on a "plain error" basis,

is that the court failed to give, in haec verba, an instruction

to treat an accomplice's testimony "with great care and caution."

But instructions were given, spotlighting the vulnerabilities of

witnesses Pullum and Motil. There was no plain error. See United 

States v. Newton, 891 F.2d 944, 949-50 (1st Cir. 1989). 

 Two defects were alleged in the sentencing process. The

first, an alleged failure to discount the weight of cocaine base

previously purchased, was a matter clearly within the court's

discretion. It committed no clear error in observing that

different sources were involved and that the discount applied to

the seized drugs should not be extended to those previously

purchased. A variation of this issue, in which it was argued

 -3-

that only the seized drugs should be considered, made for the

first time on appeal, is not before us. As for the argument that

the court improperly refused to assign a minor role to appellant,

we see no clear error. This was clearly a judgment call for the

district court, with sufficient supporting evidence.

 The final issue, made by appellant, pro se, is that

appellant's counsel, both below and on appeal, gave ineffective

assistance. We do not ordinarily hear ineffective assistance of

counsel claims on direct appeal and have no reason to deviate

from this rule here. None of the allegations relating to the

trial are before us, for lack of a developed record and

"extraordinary circumstances." See United States v. Diaz- 

Martinez, 71 F.3d 946, 953 (1st Cir. 1995).  

 As for appellant's pro se challenge to his counsel's

effectiveness on appeal, we merely note that the only issue which

counsel chose not to brief was that of the effectiveness of

assistance at trial, which, as we have just explained, is not

properly before us on direct appeal.

 Affirmed. 

 -4-